**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| CIPLA LTD. and CIPLA USA INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eli Lilly and Company by its undersigned attorneys, for its Complaint against Cipla Ltd. and Cipla USA Inc., hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Cipla Ltd.'s submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Lilly's Verzenio® tablets prior to the expiration of United States Patent No. 7,855,211.

**PARTIES**

2.      Plaintiff Eli Lilly and Company ("Lilly" or "Plaintiff") is a corporation organized and existing under the laws of the State of Indiana, having a principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.

3.      On information and belief, Defendant Cipla Ltd. ("Cipla Ltd.") is a corporation organized and existing under the laws of India having a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai 400013, India.

4.      On information and belief, Defendant Cipla USA Inc. ("Cipla USA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Independence Boulevard, Suite 300, Warren, New Jersey 07059.

5.      Cipla Ltd. and Cipla USA are collectively referred to herein as "Defendants."

6.      On information and belief, Cipla USA is a wholly owned subsidiary of Cipla Ltd. and is under the direction and control of Cipla Ltd.

7.      On information and belief, Cipla Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the State of Delaware, through its own actions and through the actions of its partners, agents, and subsidiaries, including U.S. agent Cipla USA, from which Cipla Ltd. derives a substantial portion of its revenue.

8.      On information and belief, Cipla Ltd. is listed as the applicant of ANDA No. 221201 ("Cipla ANDA") and has sent notice to Lilly stating that Cipla Ltd. included a certification in the Cipla ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

9.      On information and belief, Cipla USA is the U.S. agent for Cipla Ltd. in connection with the Cipla ANDA.

10.     On information and belief, Cipla USA acted in concert with Cipla Ltd. to prepare and submit the Cipla ANDA for 50 mg, 100 mg, 150 mg, and 200 mg abemaciclib tablets ("Cipla

2

ANDA Products"), which was done at the direction and control of, and for the direct benefit of, Cipla Ltd.

11.     On information and belief, following FDA approval of the Cipla ANDA, Cipla Ltd., through its own actions and through the actions of its partners, agents and subsidiaries, including Cipla USA, will manufacture, supply, market, and sell the approved generic products throughout the United States, including Delaware.

## JURISDICTION AND VENUE

12.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2) and §§ 271(a), (b), and/or (c), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

13.     Venue is proper in this Court as to Cipla Ltd. because, among other things, Cipla Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(b), (c); *see also* 28 U.S.C. § 1400(b).

14.     Cipla Ltd. has been sued in this district previously in Hatch-Waxman patent infringement disputes and has not contested personal jurisdiction or venue in one or more cases. *See, e.g.*, *Sumitomo Pharma Switzerland GmbH et al. v. Cipla Limited et al.*, C.A. No. 25-312 (D. Del); *Astellas Pharma Inc. et al. v. Cipla Limited et al.*, C.A. No. 24-1333 (D. Del); and *Acerta Pharma BV et al. v. Cipla Limited et al.*, C.A No. 24-587 (D. Del). On information and belief, Cipla Ltd. has also affirmatively invoked this Court's jurisdiction by asserting counterclaims in cases that it has litigated in Delaware. For example, Cipla Ltd. asserted counterclaims in the cases listed above.

15.     Venue is proper in this Court as to Cipla USA because, among other things, on information and belief, Cipla USA is incorporated in the State of Delaware and therefore "resides"

in this judicial district and/or has committed acts of infringement in this district and has a regular and established place of business in this district. 28 U.S.C. § 1400(b).

16.     Cipla USA has been sued in this district previously in Hatch-Waxman patent infringement disputes and has not contested personal jurisdiction or venue in one or more cases. *See, e.g.*, *Sumitomo Pharma Switzerland GmbH et al. v. Cipla Limited et al.*, C.A. No. 25-312 (D. Del); *Astellas Pharma Inc. et al. v. Cipla Limited et al.*, C.A. No. 24-1333 (D. Del); and *Acerta Pharma BV et al. v. Cipla Limited et al.*, C.A No. 24-587 (D. Del). On information and belief, Cipla USA has also affirmatively invoked this Court's jurisdiction by asserting counterclaims in cases that it has litigated in Delaware. For example, Cipla USA asserted counterclaims in the cases listed above.

17.     Venue is further proper in this Court as to Defendants because, among other things, Defendants have committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the asserted patent that will lead to foreseeable harm and injury to Lilly by filing the Cipla ANDA with the intention of seeking to market the Cipla ANDA Products nationwide, including within the State of Delaware. *See* 28 U.S.C. § 1400(b).

## PERSONAL JURISDICTION OVER CIPLA LTD.

18.     Lilly realleges paragraphs 1–17 as if fully set forth herein.

19.     On information and belief, Cipla Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

20.     This Court has personal jurisdiction over Cipla Ltd. because, among other things, Cipla Ltd., on information and belief, intends to market, sell, and/or distribute the Cipla ANDA Products to residents of this State upon approval of the Cipla ANDA, either directly or through at least one of its partners or wholly owned subsidiaries or agents, including Cipla USA. Cipla Ltd.'s

4

intent to sell the Cipla ANDA Products here is sufficient to support a finding of specific personal jurisdiction. *See Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 762–63 (Fed. Cir. 2016). Cipla Ltd. further makes its generic drug products available in this State and enjoys substantial income from sales of its generic drug products in this State.

21.     Additionally, on information and belief, Cipla Ltd. has previously consented to this Court's jurisdiction and has availed itself of the protections afforded by the Court by asserting counterclaims against plaintiffs in this judicial district. *See, e.g.*, *Sumitomo Pharma Switzerland GmbH et al. v. Cipla Limited et al.*, C.A. No. 25-312 (D. Del); *Astellas Pharma Inc. et al. v. Cipla Limited et al.*, C.A. No. 24-1333 (D. Del); and *Acerta Pharma BV et al. v. Cipla Limited et al.*, C.A No. 24-587 (D. Del).

22.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Cipla Ltd., this Court may exercise jurisdiction over Cipla Ltd. under Federal Rule of Civil Procedure 4(k)(2) because: (a) Lilly's claim arises under federal law; (b) Cipla Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Cipla Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, preparing and filing ANDAs with the FDA, marketing its drug product candidates, and manufacturing generic drug products that will be distributed throughout the United States, such that this Court's exercise of jurisdiction over Cipla Ltd. satisfies due process, and is consistent with the United States Constitution and Laws.

23.     Upon information and belief, if the Cipla ANDA is approved, the Cipla ANDA Products will be marketed and distributed by Cipla Ltd., either directly or through at least one of its partners or wholly owned subsidiaries or agents, including Cipla USA, in the State of Delaware,

prescribed by physicians practicing in the State of Delaware, dispensed by pharmacies located within the State of Delaware, and used by patients in the State of Delaware.

## PERSONAL JURISDICTION OVER CIPLA USA

24.     Lilly realleges paragraphs 1–23 as if fully set forth herein.

25.     On information and belief, Cipla USA develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

26.     This Court has personal jurisdiction over Cipla USA because, among other things, Cipla USA, on information and belief: (1) is incorporated under the laws of the State of Delaware; (2) intends to market, sell, or distribute the Cipla ANDA Products to residents of this State; (3) makes its generic drug products available in this State; and (4) enjoys substantial income from its generic drug products in this State.

27.     Additionally, on information and belief, Cipla USA has previously consented to this Court's jurisdiction and has availed itself of the protections afforded by the Court by asserting counterclaims against plaintiffs in this judicial district. *See, e.g.*, *Sumitomo Pharma Switzerland GmbH et al. v. Cipla Limited et al.*, C.A. No. 25-312 (D. Del); *Astellas Pharma Inc. et al. v. Cipla Limited et al.*, C.A. No. 24-1333 (D. Del); and *Acerta Pharma BV et al. v. Cipla Limited et al.*, C.A No. 24-587 (D. Del).

28.     Upon information and belief, if the Cipla ANDA is approved, the Cipla ANDA Products will be marketed and distributed by Cipla Ltd., either directly or through at least one of its partners or wholly owned subsidiaries or agents, including Cipla USA, in the State of Delaware, prescribed by physicians practicing in the State of Delaware, dispensed by pharmacies located within the State of Delaware, and used by patients in the State of Delaware.

## BACKGROUND

### U.S. PATENT NO. 7,855,211

29.     On December 21, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,855,211 ("'211 Patent"), titled "Protein Kinase Inhibitors." The inventors of the patented invention are David A. Coates, Lawrence Mark Gelbert, John M. Knobeloch, Alfonso De Dios Magana, Ana De Prado Gonzalez, Miriam Filadelfa Del Prado Catalina, Maria Cristina Garcia Paredes, Eva Maria Martin De La Nava, Maria Dolores Martin Ortega Finger, Jose Antonio Martinez Perez, Ana Isabel Mateo Herranz, Carlos Perez Martinez, and Concepcion Sanchez Martinez. A true and correct copy of the '211 patent is attached as Exhibit 1. The '211 patent is assigned to Lilly.

### VERZENIO® TABLETS

30.     Lilly is the holder of New Drug Application ("NDA") No. 208716 for Verzenio® tablets, available in 50 mg, 100 mg, 150 mg, and 200 mg strengths, which contain the active ingredient abemaciclib.

31.     On September 28, 2017, Verzenio® was approved by the FDA for use in combination with fulvestrant for the treatment of women with hormone receptor (HR)-positive, human epidermal growth factor receptor 2 (HER2)-negative advanced or metastatic breast cancer with disease progression following endocrine therapy and for use as a monotherapy for the treatment of adult patients with HR-positive, HER2-negative advanced or metastatic breast cancer with disease progression following endocrine therapy and prior chemotherapy in the metastatic setting. Verzenio® was the first CDK4/6 inhibitor approved by the FDA as a stand-alone treatment. On October 12, 2021, Verzenio® was approved by the FDA for additional patient populations and indications, including for use in combination with endocrine therapy (tamoxifen or an aromatase inhibitor) for the adjuvant treatment of adult patients with hormone receptor (HR)-

positive, human epidermal growth factor receptor 2 (HER2)-negative, node-positive, early breast cancer at high risk of recurrence and a Ki-67 score $\geq$20% as determined by an FDA approved test.

32. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '211 Patent is listed in the Orange Book with respect to Verzenio®.

33. The '211 Patent covers Verzenio® tablets and their use.

## ACTS GIVING RISE TO THE ACTION

34. The '211 Patent issued with 23 claims, including independent claims 1, 14, 17, and 21.

35. Provided herein as an example is claim 12 of the '211 Patent, which claims a compound with the structure:

or a pharmaceutically acceptable salt thereof.

36. On information and belief, Cipla Ltd. seeks FDA approval for the Cipla ANDA, which contains abemaciclib as an active ingredient. Abemaciclib is a compound of the formula claimed by claim 12 of the '211 Patent and is covered by one or more claims of the '211 Patent.

37.     On May 7, 2026, Lilly received a letter from Cipla Ltd. dated May 6, 2026, stating that Cipla Ltd. had included a certification in the Cipla ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, claims 6 and 13 of the '211 Patent will not be infringed by the commercial manufacture, use, sale, offer to sell or importation into the United States of the Cipla ANDA Products. Cipla Ltd.'s Paragraph IV letter dated May 6, 2026 does not contest infringement of the other 21 claims of the '211 Patent, including claims 1–5, 7–12, and 14–23.

38.     On information and belief, Defendants intend to engage in the commercial manufacture, use, offer for sale, and/or sale of the Cipla ANDA Products prior to the expiration of the '211 Patent.

39.     Therefore, on information and belief, the Cipla ANDA Products would directly and literally infringe one or more claims of the '211 Patent.

## COUNT I—INFRINGEMENT OF THE '211 PATENT

40.     Lilly realleges paragraphs 1–39 as if fully set forth herein.

41.     On information and belief, Cipla Ltd. submitted the Cipla ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Cipla ANDA Products.

42.     On information and belief, by filing its ANDA, Cipla Ltd. has represented to the FDA that the Cipla ANDA Products contain abemaciclib and are bioequivalent to Verzenio®. On information and belief, by filing its ANDA, Cipla Ltd. has also represented to the FDA that the Cipla ANDA Products would have the same method of administration and dosage form as Verzenio®.

43.     Because abemaciclib and/or its use is covered by one or more claims of the '211 Patent, Defendants' manufacture, use, offer to sell, sale, and/or importation of the Cipla ANDA Products infringe one or more claims of the '211 Patent.

44.     Under the Hatch-Waxman Act, an owner of a patented drug must file an action in federal court within 45 days of receiving a Paragraph IV letter to receive certain benefits under the Act, including a stay of approval of the generic drug for 30 months during the pendency of litigation, as appropriate. 21 U.S.C. § 355(j)(5)(B)(iii). Cipla Ltd.'s Paragraph IV letter is dated May 6, 2026, and Lilly received this letter on May 7, 2026. Accordingly, Lilly has filed this action within the 45-day notice period.

45.     On information and belief, Defendants have infringed at least one claim of the '211 Patent, pursuant to 35 U.S.C. § 271(e), by submitting, or causing to be submitted the Cipla ANDA—which, on information and belief, permits Cipla ANDA Products to contain abemaciclib—by which Cipla Ltd. seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Cipla ANDA Products prior to the expiration of the '211 Patent. *See Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1278 (Fed. Cir. 2013).

46.     On information and belief, Defendants intend to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Cipla ANDA Products if the FDA approves the Cipla ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '211 Patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

47.     Defendants' manufacture, use, offer to sell, or sale of the Cipla ANDA Products in the United States or importation of the Cipla ANDA Products into the United States during the term of the '211 Patent would further infringe, literally or under the doctrine of equivalents, at least one claim of the '211 Patent under 35 U.S.C. § 271(a).

48.     On information and belief, Defendants have had knowledge of the '211 Patent at least since May 6, 2026, and by Cipla Ltd.'s representations in its Paragraph IV letter, Defendants

know or should know that the manufacture, use, offer to sell, or sale of the Cipla ANDA Products in the United States or importation of the Cipla ANDA Products into the United States would infringe at least one claim of the '211 Patent.

49.     On information and belief, Defendants intend to sell the Cipla ANDA Products with a label that includes instructions to administer 50 mg, 100 mg, 150 mg, and 200 mg abemaciclib tablets in a manner that will infringe at least one claim of the '211 Patent.

50.     On information and belief, the Cipla ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, *e.g.*, by physicians, pharmacists, healthcare professionals, and/or patients according to the label, would be used in a manner that would directly infringe at least one claim of the '211 Patent, either literally or under the doctrine of equivalents.

51.     On information and belief, Defendants know and intend that physicians, pharmacists, healthcare professionals, and/or patients would prescribe, administer, and/or use the Cipla ANDA Products according to the instructions provided in the label. Defendants would therefore induce infringement of at least one claim of the '211 Patent with the requisite intent under 35 U.S.C. § 271(b).

52.     On information and belief, Defendants know and intend that the use of the Cipla ANDA Products constitutes a material part of at least one claim of the '211 Patent; Defendants know that the Cipla ANDA Products are especially made or adapted for use in infringing at least one claim of the '211 Patent, either literally or under the doctrine of equivalents; and the Cipla ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use. Defendants would therefore contribute to infringement of at least one claim of the '211 Patent under 35 U.S.C. § 271(c).

53.     Lilly will be substantially and irreparably harmed if Defendants are not enjoined from infringing the '211 Patent.

54.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Lilly's reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eli Lilly and Company respectfully requests that the Court enter judgment against Defendants and for the following relief:

a.     A Judgment be entered that Defendants have infringed at least one claim of the '211 Patent by submitting the Cipla ANDA;

b.     A Judgment be entered that this case is exceptional, and that Lilly is entitled to its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

c.     That Defendants, their officers, agents, partners, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '211 Patent, and (ii) seeking, obtaining or maintaining approval of ANDAs whose products would infringe the '211 Patent until the expiration of the '211 Patent or such other later time as the Court may determine;

d.     A Judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the Cipla ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the expiration date of the '211 Patent, including any extensions;

12

e.      That Lilly be awarded monetary relief if Defendants commercially use, offer to sell, or sell their proposed generic versions of Verzenio® or any other product that infringes or induces or contributes to the infringement of the '211 Patent, within the United States, prior to the expiration of the '211 Patent, including any extensions, and that any such monetary relief be awarded to Lilly with prejudgment interest;

f.      Costs and expenses in this action; and

g.      Such other and further relief as the Court deems just and appropriate.

Dated: June 12, 2026                            MCCARTER & ENGLISH, LLP

OF COUNSEL:                                     */s/ Daniel M. Silver*
                                                Daniel M. Silver (#4758)
Jeanna M. Wacker                                Alexandra M. Joyce (#6423)
Ashley L.B. Ross                                Renaissance Centre
Mara L. Greenberg                               405 N. King Street, 8th Floor
KIRKLAND & ELLIS LLP                            Wilmington, Delaware 19801
601 Lexington Avenue                            (302) 984-6300
New York, NY 10022                              dsilver@mccarter.com
(212) 446-4800                                  ajoyce@mccarter.com
jeanna.wacker@kirkland.com
ashley.ross@kirkland.com                        *Attorneys for Plaintiff*
mara.greenberg@kirkland.com                     *Eli Lilly and Company*